UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CLARKSON S. FISHER FEDERAL BUILDING
UNITED STATES COURTHOUSE
402 EAST STATE STREET
TRENTON, NEW JERSEY 08608

KATHRYN C. FERGUSON, USBJ                                                                                      (609) 989-0494

July 8, 2010

John J. Rizzo, Esquire
Geldhauser, Shiffman & Rizzo, LLC
1852 Route 88 East
Brick, New Jersey 08724

Timothy P. Neumann, Esquire
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736

           Re: Judy King - Case No. 09-10359
              Laura Hagan Byrnes vs. Judy King
              Adversary No. 09-1145

              Trial: May 18, 2010

Dear Counsel:

  At the conclusion of the trial, the Defendant moved to dismiss the complaint for lack of standing and failure to prove the allegations in the complaint. The Court deferred ruling on the motion to allow the parties to make post-trial submissions. The parties filed post-trial submissions on June 1 and June 11, 2010. The Court will now rule on the motion.

  Plaintiffs Laura Hagan-Byrnes and Michael Hagan claim that they each have a one quarter interest in property located at 19 Sunset Drive, Howell, New Jersey ( the "Property") by virtue of the will of their grandmother Dorothy King. The Last Will and Testament of Dorothy G. King dated

September 8, 1987 ("Will") did, indeed, provide that one-fourth of Dorothy King's net estate would be devised to Laura Ann Hagan and one-fourth to Michael Hagan. [Ex. P-3] At trial, it was established that the Will was not probated after the death of Dorothy King.

New Jersey law provides that "[t]o be effective to prove the transfer of any property or to nominate an executor, a will must be admitted to probate." *N.J.S.A.* 3A:2A-16; *N.J.S.A.* 3B:3-18. Since the Will at issue here was never admitted to probate, it is ineffective to establish that Laura Hagan-Byrnes and Michael Hagan have a cognizable interest in the Property. The Plaintiffs are also unable to establish that without the Will they would have inherited through New Jersey's laws on intestate succession. *See, N.J.S.A.* 3A:2A-35. Because the Plaintiffs have not met the threshold requirement of showing that they have an interest in the Property, *a fortiori* they cannot establish that Ms. King defrauded them of that interest. The Defendant's motion to dismiss for lack of standing must be granted.

Even if the Plaintiffs could prove they had an interest in the Property, perhaps under an *inter vivos* gift theory, the Plaintiffs' proofs fall woefully short of establishing a cause of action under the Bankruptcy Code. Despite three iterations of the complaint, even the final version of the complaint failed to state with precision the section of the Bankruptcy Code upon which the Plaintiffs relied[1]. [Doc. 15] That failure was exacerbated by the absence in the Plaintiffs' written closing statement of any citation whatsoever to a section of the Bankruptcy Code. [Doc. 23]

Taking a generous view of the allegations in the complaint, the presentation at trial, and the closing statement, the Court can surmise two possible bases for an assertion that any debt owed to

---

[1] Paragraph 14 of the complaint cites "Section 523 of the Bankruptcy Code" but that section contains numerous subsections. Subsection (a) alone contains nineteen different bases for a finding of nondischargeability.

the Plaintiffs by Ms. King might be nondischargeable. The most obvious would be § 523(a)(2)(A) which provides that a discharge in a Chapter 7 "does not discharge an individual debtor from any debt - (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by - (A) false pretenses, a false representation, or actual fraud ...." 11 U.S.C. § 523(a)(2)(A). To prevail under § 523(a)(2)(A) the creditor must establish that: (1) the debtor obtained money, property or services through a material misrepresentation; (2) at the time of the transaction the debtor had knowledge of the falsity of the misrepresentation or reckless disregard as to its truth; (3) the debtor made the misrepresentation with the intent to deceive; (4) the creditor relied on the representation; and (5) the creditor suffered loss proximately caused by the debtor's conduct. De la Cruz v. Cohen (In re Cohen), 185 B.R. 180 (Bankr. D.N.J. 1995), *aff'd*, 191 B.R. 599 (D.N.J. 1996), *aff'd*, 106 F.3d 52 (3d Cir. 1997), *aff'd*, 523 U.S. 213 (1998). As in all § 523 cases, the burden of proof is on the plaintiff to show all of the elements of § 523(a)(2)(A) by preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 288-89 (1991).

The Plaintiffs have not established all five elements. The Plaintiffs allege that Ms. King intentionally misrepresented her ownership interest in the Property when she obtained a mortgage in 2001. [Cmplt. ¶ 12; Ex. P-4] Even if the Court assumes that allegation was proven at trial and satisfies the first three elements of a cause of action under § 523(a)(2)(A), the Plaintiffs have still failed to establish the fourth element, that is, that this Plaintiff relied on the representation. The Plaintiffs could not have relied on any representations Ms. King made in the process of obtaining a mortgage because Ms. Hagan-Byrnes testified that she was unaware of the mortgage until after the fact. Similarly, no testimony or other evidence was offered to suggest that Michael Hagan had any knowledge that Ms. King had mortgaged the Property. Without being able to establish reliance, a

cause of action under § 523(a)(2)(A) must fail.

The only other possible nondischargeability cause of action based on this record is "willful and malicious injury" under 11 U.S.C. § 523(a)(6). Plaintiffs argue in their closing statement that the trial testimony and evidence establish that Ms. King committed a theft, as defined under New Jersey law, because Ms. King's actions "were a deliberate attempt to steal the plaintiffs' equity." *Pl. Closing Statement* at 4. Assuming once again that Plaintiffs could establish in another proceeding an entitlement to any equity in the Property, the Plaintiffs must still establish a willful or malicious injury in this court before that theft would be nondischargeable in bankruptcy. To be "willful" the debtor's actions "must have been voluntary and deliberate." In re Pearman, – B.R. –, 2010 WL 2509917 (Bankr. D.N.J. June 23, 2010) (quoting, In re Jacobs, 381 B.R. 128 (Bankr. E.D. Pa. 2008)). Additionally, § 523(a)(6) "requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). The evidence supports a finding that Ms. King acted deliberately when she obtained the mortgage in 2001, but not that she intended to injure the Plaintiffs by her action. Ms. King was the legitimate owner of one half of the Property and therefore the mere act of mortgaging the Property was not wrongful. [Ex. P-1]. To rise to the level of a willful and malicious injury that would be exempt a debt from discharge, the Plaintiffs needed to show that Ms. King mortgaged the property with the express intention of injuring them. In other words, in 2001 when Ms. King mortgaged the Property she had to have intended to strip the property of all of its equity to the detriment of any co-owners. Simply because at some later point Ms. King became unable to pay her mortgage and the Property was foreclosed upon is not evidence of Ms. King's intent in 2001. No evidence was adduced at trial on the issue of whether Ms. King thought she was in a financial position to repay the mortgage at

the time she obtained it.  Because the Plaintiffs have not established the willfulness prong of § 523(a)(6), it is unnecessary to address the malice prong.

Finally, the Defendants also argue that Ms. King comes to this Court with unclean hands. It might well be true that Ms. King did not deal honorably with the Plaintiffs, and certainly Ms. Hagan-Byrnes' disappointment and frustration over a perceived breach of family trust were readily apparent at trial.  Nonetheless, the Bankruptcy Code narrowly proscribes the categories of debt that are exempt from discharge and the Plaintiffs have not shown that a debt to them, if established, fits into one of those categories.  *See*, In re Fegeley, 118 F.3d 979, 983 (3d Cir. 1997) ("exceptions to discharge are to be strictly construed in favor of the debtor").  The equitable doctrine of unclean hands cannot trump the provisions of the Bankruptcy Code.

In conclusion, the Defendant's motion to dismiss is granted.  Defendant's counsel should submit a form of order granting the motion and dismissing the adversary proceeding.


    */s/ Kathryn C. Ferguson*
    KATHRYN C. FERGUSON
    US Bankruptcy Judge